ABNER COBURN & *al. versus* JOHN WARE.

If a joint note be made by four, payable on time, and before it was payable two of the promissors pay " two thirds of the within note, principal and interest, being their part," and it is thus indorsed thereon, they are not thereby discharged from the payment of the sum still remaining unpaid.

If one of several joint promissors, after a suit against all is pending on the contract, file his petition and obtain his discharge under the bankrupt law of the United States, and plead it, and its validity is denied by the plaintiff on the ground that it was obtained by fraud, a verdict and judgment may be legally rendered in favor of this defendant, and also in favor of the plaintiff against the other defendants.

Where one of several defendants pleads his bankruptcy, an amendment of the writ may be permitted, by striking therefrom the name of the bankrupt defendant.

THIS case came before the Court on the trial of a review of action, brought by John Ware against the plaintiffs in review, Abner Coburn, Philander Coburn, Moses Jewett and Amos F. Parlin, on a joint note given by them to J. M. Pollard, and indorsed to Ware after the note fell due. The note became payable on June 24, 1837, and this indorsement was made thereon at the time it bears date. " Feb. 15, 1837. Received of A. & P. Coburn two thirds of the within note, principal and interest, being their part." Two indorsements were made upon the note, after it became payable as paid by Jewett and Parlin.

The general issue was originally pleaded by all the defend ants. On the trial of the review, the two defendants, Jewett and Parlin, filed pleas, setting forth, that at a certain time, subsequent to the commencement of the process in review, they had severally filed their petitions in bankruptcy and had received their discharges, under the bankrupt law of the United States. To these pleas, Ware replied, that the discharges were obtained by fraud, and issue was joined on these replications.

On the trial, before TENNEY J. no evidence was offered by Ware in support of the allegation in his replications. It was agreed to submit the case for the decision of the Court. If

Coburn *v.* Ware.

the Court should be of opinion that A. & P. Coburn were discharged by the first indorsement upon the note, Ware was to become nonsuit; if A. & P. Coburn are not discharged by the indorsement and if the action can be maintained against them without amending the writ, by striking out the names of Jewett and Parlin, the action is to stand for trial.

*Hutchinson*, for the original plaintiff, Ware, contended that the first indorsement was nothing more than a mere acknowledgment of the payment of two thirds of the amount of the note by A. & P. Coburn, and could not have the effect of discharging them from the payment of the residue of the note. *Tuckerman* v. *Newhall*, 17 Mass. R. 581; *Houston* v. *Darling*, 16 Maine R. 413; *Walker* v. *McCullock*, 4 Greenl. 421.

The action was rightly brought against all the defendants; and now two of them contend, that they have by their own acts, against the wishes of the holder of the note, obtained a discharge. The plaintiff was not bound to notice the discharges until they were pleaded, and then may reply that they are of no avail, because obtained by fraud. If they obtain a verdict in their favor, they will be discharged, but it cannot discharge the other two defendants. 12 East, 664.

*Wells* and *D. Kidder*, for the defendants, insisted that A. & P. Coburn were wholly discharged by the payment they made and the indorsement thereof upon the note. It was a payment of their part, and of course they were to pay no more, and no action can be maintained against them. *Goodnow* v. *Smith*, 18 Pick. 414; *Shaw* v. *Pratt*, 22 Pick. 305; *Brooks* v. *White*, 2 Metc. 283; *Walker* v. *McCullock*, 4 Greenl. 421.

The law was supposed to be, that if the plaintiff proceeds to trial upon a joint contract, he must recover against all or none. There cannot be a verdict for the plaintiff against a part of the defendants and for the remaining defendants against the plaintiff. Infancy as well as bankruptcy is a personal privilege, which may be waived; and it is well settled, that if the suit be against two, and infancy is pleaded by one,

and the verdict is for him, the plaintiff fails as to both. 1 Chitty on Pl. 32, 33.

The opinion of the Court was by

Tenney J. — The defendants in the original action, Abner Coburn and Philander Coburn, having paid, before the maturity of the note, two thirds of its amount, " being their part," claim to be relieved from further liability. That they may be discharged from the obligation upon them, arising from their contract, it must appear by unequivocal proof, that they were released ; the terms used in the indorsement upon the back of the note are not of this character ; an agreement between them, and the one who held the note at the time of the indorsement, that they were not to be called upon for the balance left unpaid, cannot be inferred with legal propriety ; it is rather evidence, that it was considered they had paid that, which, as between the signers of the note, they were bound to see discharged.

Can this action be maintained against the two Coburns, without amending the writ, by striking out the names of those, who have pleaded their discharge in bankruptcy ?

At common law, if a contract be proved to have been in fact made by all against whom, the suit *is brought; yet is not* legally binding upon all, on the ground, that one was not liable at the time the contract was entered into, as being under coverture, an infant, &c. the plaintiff would be nonsuited. " But when one of the parties is discharged from liability by matter *subsequent* to the making of the contract, as by his bankruptcy, and certificate, the failure on the trial as to him, on such ground, does not preclude the plaintiff from recovering against the other parties ; and should he plead his certificate, *nolle prosequi* as to him may be entered." 1 Chit. Pl. 32 and 33.

In this case, those who have pleaded their certificates were originally liable, and they claim to be exonerated by their discharge in bankruptcy obtained since. It is the privilege of the original plaintiff to contest the validity of these certificates, on the ground that they were fraudulently obtained. Bankrupt

law of U. S. of 1841, § 4. And he has tendered an issue for that purpose, which has been joined. If the other two defendants have not been released, and are still liable upon the note, which is joint and not several, a several action against Jewett and Parlin would abate upon a proper plea; both issues presented can be tried in the present action, and a judgment can be entered upon a verdict in favor of the original plaintiff, upon one of the issues, though upon the other the verdict may be against him. *Gray & al.* v. *Palmers & Hodgson*, 1 Esp. R. 135. But if he chooses to do so, he can amend by striking from his writ the names of those, who have pleaded their certificates.

*Action to stand for trial.*